COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


NICOLE C. CHANTEE
                                          MEMORANDUM OPINION*
v.    Record No. 2012-01-3                   PER CURIAM
                                          DECEMBER 27, 2001
HUDSON INDUSTRIES, INC. AND HARTFORD
 INSURANCE COMPANY OF THE MIDWEST


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Nicole Chantee, pro se, on briefs).

                (Patricia C. Arrighi; Taylor & Walker, P.C.,
                on brief), for appellees.


        Nicole C. Chantee (claimant) contends the Workers'

Compensation Commission erred in finding that employer proved

that claimant's change-in-condition claims filed on September

22, October 24, and November 8, 2000, seeking temporary total

disability benefits from May 23, 2000 and continuing, were

barred by the statute of limitations under Code § 65.2-708.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.[1]

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] In rendering our decision we have considered only the
evidence and issue that was before the commission when it
rendered its decision.  Accordingly, we need not address the
appellees' Motion in Opposition to Appellant's Designation of
Appendix and Questions Presented.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In ruling that claimant's change-in-condition applications were barred by the applicable statute of limitations, the commission found as follows:

> Section [65.2-708] requires that a change in condition claim be filed within 24 months from the date compensation was last paid pursuant to an award under the Act.  The claimant was last paid compensation on June 4, 1998.  She did not file a claim seeking additional compensation benefits until September 22, 2000.  Therefore, the claim was filed after the twenty-four month statute of limitations period.  After reviewing the record before the Commission, we cannot find that the employer or insurer acted in a manner that would cause it to be equitably estopped from relying on the statute of limitations.  It is clear that on May 23, 2000, within the statutory period, the claimant was aware that she had total disability.  She testified that her condition deteriorated after the October 1999 Hearing.  There is no evidence that the employer or insurer in any way represented or otherwise deterred the claimant from filing a claim.  Likewise, we cannot find that this is a case for applying imposition. We find no evidence that the employer or the Commission used any superior knowledge or experience with workers' compensation or economic leverage to deprive the claimant of benefits under the Act.  When the claimant's

> treating physician suggested it would be better that she see someone else, the insurer attempted to supply her with panels and ultimately accepted Dr. [Charles M.] James as the claimant's treating physician. We also note that Dr. [Douglas E.] Jessup continued to see the claimant on July 11, 2000, even after she began treatment with Dr. James. We find nothing to indicate that the insurer's actions caused an imposition on the claimant such as to delay her filing a change in condition claim.

Credible evidence, including claimant's testimony and the medical records, supports the commission's findings that claimant was aware during the statutory period that she suffered from total disability and that her applications were filed more than twenty-four months after she was last paid compensation pursuant to an award. In addition, no evidence supported the application of the doctrines of equitable estoppel or imposition in this case. Accordingly, we affirm the commission's decision that claimant's applications were barred by the applicable statute of limitations.

Affirmed.